08-5743-ag
Belli v. Holder

BIA
Hom, IJ
A079-400-581
A079-400-582
A079-400-583

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge*,
        PIERRE N. LEVAL,
        PETER W. HALL,
                Circuit Judges.

_____

LUAN BELLI, IRLA BELLI, MAMICA BELLI,
        <u>Petitioners</u>,                        08-5743-ag

                v.                               NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,[1]
        <u>Respondent</u>.

_____

<hr>

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:**      Andrew P. Johnson, New York, New York.

**FOR RESPONDENT:**      Tony West, Assistant Attorney General, Civil Division; Blair T. O'Connor, Office of Immigration Litigation; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Luan Belli, a native and citizen of Albania, seeks review of an October 27, 2008 order of the BIA affirming the January 12, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which included his wife and daughter as derivative applicants. In re Luan Belli, Irla Belli, Mamica Belli, Nos. A 079 400 581/582/583 (B.I.A. Oct. 27, 2008), aff'g Nos. A 079 400 581/582/583 (Immig. Ct. N.Y. City Jan. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, although Belli is challenging the denial of relief in "asylum-only" proceedings, and not an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional

2

equivalent of a removal order.  See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir. 2006).

Substantial evidence supports the agency's determination that country conditions in Albania have significantly changed such that Belli does not have a well-founded fear of persecution.  See 8 C.F.R. § 1208.13(b)(1)(i).  Contrary to Belli's argument that the agency erred in relying on general evidence of country conditions evidence in denying his claims, the agency properly conducted an individualized assessment of the impact on Belli of the Democratic Party's victory in the 2005 elections.  See Niang v. Mukasey, 511 F.3d 138, 148-49 (2d Cir. 2007).  Indeed, the agency noted that Belli's claim was based on his employment by the Democratic Party, which now controls the government.  Moreover, Belli's argument ignores our prior holding that the agency need not enter specific findings regarding changed country conditions where "changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims," such as Albania.  See Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir. 2006) (per curiam); cf. Passi v. Mukasey, 535 F.3d 98, 102-03 (2d Cir. 2008).  Belli points to no evidence compelling the conclusion that changed country conditions do not negate his well-founded fear of persecution.  See Manzur, 494 F.3d at 289.

Because Belli is unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims are based upon the same factual predicate.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 566-67 (2d Cir. 2006).

Additionally, because Belli presented no evidence of any long-lasting physical or mental effects of his alleged persecution, the agency did not err in finding that he failed to demonstrate eligibility for humanitarian asylum pursuant to 8 C.F.R. § 1208.13(b)(1).  See Jalloh v. Gonzales, 498 F.3d 148, 151-52 (2d Cir. 2007) (per curiam); Matter of Chen, 20 I.&N. Dec. 16, 20 (B.I.A. 1989).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk